IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



PATRICIA HENTOSH,

    Plaintiff,

v.                                         Civil Action No. 2:13cv290

OLD DOMINION UNIVERSITY

    Defendant.

## OPINION AND ORDER

This matter is before the Court on the Defendant Old Dominion University's ("ODU" or "Defendant") Motion for Leave to Appeal ("Motion"). Doc. 14. For the reasons stated herein, the Court **DENIES** the Motion.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

A complete recounting of the pertinent facts and procedural history of this case can be found in this Court's Order dated March 7, 2014. Hentosh v. Old Dominion Univ., No. 2:13cv290, 2014 WL 910169, at *1–5 (E.D. Va. March 7, 2014). The Court will only recite the most relevant facts needed to decide the Motion.

This lawsuit arises out of an employment dispute between Plaintiff and Defendant that ended with Plaintiff Patricia Hentosh ("Hentosh" or "ODU") being denied tenure at ODU and subsequently being terminated in July 2013. Id. at *1. On May 26, 2010, Hentosh filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging race discrimination and retaliation relating to ODU's handling of a dispute between Hentosh and Professor Anna Jeng ("First Charge"). Id. During the pendency of the EEOC's investigation,

Hentosh began applying for tenure at ODU, which was subsequently denied. Id. at *1–2. On January 6, 2012, the EEOC dismissed her First Charge, and issued her a Notice of Right to Sue. Id. at *4. Thereafter, on April 11, 2012, ODU informed her that her request for review of the tenure decision was untimely filed and thus denied. Id. at *3.

On April 24, 2012, Hentosh filed her first lawsuit against ODU ("Hentosh I"). Id. at *4. She alleged two counts: discrimination and retaliation, both relating to her denial of tenure. Id. On August 3, 2012, this Court dismissed the discrimination claims because they were not timely raised with the EEOC. Id. Plaintiff then filed another charge of discrimination with the EEOC relating to the denial of tenure ("Second Charge") on August 23, 2012. Id. On March 13, 2013, ODU moved for summary judgment on the remaining retaliation claim. Id. Thereafter, on March 22, 2013, Hentosh filed a motion to stay and consolidate the retaliation claim with the pending discrimination claim alleged in the Second Charge before the EEOC. Id. On March 31, 2013, the EEOC dismissed the Second Charge and issued a Notice of Right to Sue. Id.

On May 21, 2013, Hentosh filed the instant action ("Hentosh II") alleging discrimination and retaliation against ODU, claiming discrimination based on a policy and practice of "minority favoritism" and retaliation for opposing discriminatory practices and filing an EEOC charge. Id. at *5. That same day, Plaintiff filed another motion to stay and consolidate Hentosh I and Hentosh II. Id. at *4. On May 28, 2013, the Court heard the summary judgment motion in Hentosh I. Id. The Court denied the motions to stay and consolidate on June 4, 2013. Id. On July 1, 2013, Plaintiff then filed a motion to voluntarily dismiss Hentosh I. Id. On July 12, 2013, the Court granted summary judgment to the Defendant and denied the motion to voluntarily dismiss. Id. This decision is currently on appeal before the Fourth Circuit. Id.

2

On July 19, 2013, ODU filed a motion to dismiss Hentosh II, alleging in part that she was barred under the doctrine of res judicata from bringing this suit. This Court held a hearing on the motion, and on March 7, 2014, denied the motion. The Court found that res judicata did not bar Hentosh's discrimination complaint because it was dismissed for lack of jurisdiction, and not dismissed on the merits. Id. at *7. The Court denied the motion as to the retaliation claim without prejudice, on the representation from Plaintiff's counsel that the issue to be decided on appeal is whether the Court even had jurisdiction to enter a judgment on that count.[1] Id. at *9.

Defendant filed the instant Motion and supporting Memorandum on March 17, 2014. Docs. 14–15. Plaintiff filed her response on April 1, 2014.[2] Doc. 18. Defendant filed its reply on April 7, 2014. Doc. 20. The Motion is now ripe for review.

## II.  LEGAL STANDARDS

28 U.S.C. § 1292(b) provides that:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

Because this is a departure from the general rule that appeals may only be taken from a final judgment, the power to grant an interlocutory appeal should be used sparingly. Difelice v. U.S. Airways, Inc., 404 F. Supp. 2d 907, 908 (E.D. Va. 2005) (citing Myles v. Laffitte, 881 F.2d 125, 127 (4th Cir. 1989)). This requires "'exceptional circumstances that justify a departure from the basic policy limiting appellate review to final judgments.'" Difelice, 404 F. Supp. 2d at 908

---

[1] The Court did recognize that if the Fourth Circuit affirms the Court's ruling in Hentosh I, then res judicata would bar the retaliation claim in Hentosh II. Id. at *9.

[2] In its reply, ODU asks the Court to not consider Plaintiff's response because it was untimely filed. Doc. 20 at 2. The Court does note that the response was filed a day late. However, the Court further notes that on the Certificate of Service filed with the Court, ODU's counsel certified that the Motion was filed "on this 18th day of March, 2014." Doc. 14 at 3. Thus, ODU cannot claim it was prejudiced by the one day delay when its own Motion was filed with a date that would make Plaintiff's response timely.

(quoting Terry v. June, 368 F. Supp. 2d 538, 539 (W.D. Va. 2005)). The Fourth Circuit has stated that "'the kind of question best adapted to discretionary interlocutory review is a narrow question of pure law whose resolution will be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes.'" Difelice, 404 F. Supp. 2d at 908–09 (quoting Fannin v. CSX Transp., Inc., No. 88-8120, 1989 WL 42583, at *5 (4th Cir. Apr. 26, 1989)). If an interlocutory appeal is deemed appropriate after an order is entered, the district court may amend its order to grant permission to appeal. Fed. R. App. P. 5(a)(3).

### III. ANALYSIS

In order to grant the interlocutory appeal, the three elements stated in the statute must be present. The second and third elements are not present in this case.

### a. Controlling Question of Law

This prong clearly supports granting an interlocutory appeal. A question of law "is controlling if it is dispositive of the case or if a reversal would save time and expense." Terry, 368 F. Supp. 2d at 539. The application of res judicata is a question of law. See Pueschel v. United States, 369 F.3d 345, 354 (4th Cir. 2004) (applying de novo review to the district court's application of res judicata). If res judicata is applied, Hentosh's discrimination claim would be barred. The Fourth Circuit has approved interlocutory appeals of district court decisions applying collateral estoppel. See In re Microsoft Corp. Antitrust Litigation, 355 F.3d 322, 325 (4th Cir. 2004) (approving interlocutory appeal of a district court order applying offensive collateral estoppel).

### b. Substantial Ground for Difference of Opinion

In attempting to show that there is a substantial ground for difference of opinion, the Defendant cites numerous cases from other circuits that applied res judicata to cases where the

plaintiff brought a first suit before having received a right to sue letter from the EEOC. See Doc. 15 at 9–10 (citing cases). The Defendant also appears to argue that this Court improperly ruled on its res judicata argument, citing Fourth Circuit cases applying res judicata. Doc. 15 at 8. The Plaintiff argues there is no substantial ground for difference of opinion, as the cases cited by the Defendant are distinguishable because the plaintiffs in those cases did not try and consolidate the two actions and there was a judgment on the merits in those cases. Doc. 18 at 5–6.

The Plaintiff is correct that all of the cases cited by the Defendant are different than this instant case. The Ninth Circuit summarized this line of cases as "holding that Title VII claims are not exempt from the doctrine of res judicata where plaintiffs have neither sought a stay from the district court for the purpose of pursuing Title VII administrative remedies nor attempted to amend their complaint to include their Title VII claims." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 714–15 (9th Cir. 2001) (citing cases). In Owens, the Ninth Circuit applied res judicata because the appellants failed to secure right to sue letters before filing their first action and failed to seek a stay. Id. at 715.

Here, this line of cases does not apply because Hentosh did seek a stay in Hentosh I. In Hentosh I, her discrimination claim was dismissed for lack of jurisdiction on August 3, 2012 for failing to exhaust her administrative remedies. On August 23, 2012, twenty days later, Hentosh filed her Second EEOC Charge. Under the EEOC's established rules, Hentosh could not have received a right to sue letter for 180 days. 42 U.S.C. § 2000e-5(f)(1); 29 C.F.R. § 1601.28. The earliest she could have received her right to sue letter was February 19, 2013. She filed her first motion to stay and consolidate on March 22, 2013 and received her right to sue letter on March 31, 2013.[3] Hentosh filed an amended motion to stay and consolidate on May 21, 2013. These

---

[3] In explaining this gap, in her Opposition to the Motion to Dismiss, Plaintiff argued that the Defendant would have received a copy of the Second Charge according to the EEOC's standard procedure. Doc. 8 at 13. Plaintiff also

5

facts are different than the cases finding res judicata existed because the plaintiff failed to ask for a stay. See, e.g., Davis v. Dallas Area Rapid Transit, 383 F.3d 309, 315–316 (5th Cir. 2004) (applying res judicata applied because the plaintiff received right to sue letter after judgment was entered in the first action and failed to request a stay in the first action); Boateng v. InterAmerican Univ., Inc., 210 F.3d 56, 63 (1st Cir. 2000) (applying res judicata where plaintiff received his right to sue letter before judgment in the first action and could have amended his complaint); Churchill v. Star Enters., 183 F.3d 184, 191 (3rd Cir. 1999) (applying res judicata where plaintiff could have requested a stay while waiting on the right to sue letter and failed to request the right to sue letter); Rivers v. Barberton Bd. Of Educ., 143 F.3d 1029, 1033 (6th Cir. 1998) (applying res judicata where the plaintiff could have sought the right to sue letter before even filing the first action).[4]

Furthermore, the line of cases cited by ODU all dealt with actions in which a final judgment on the merits was reached. See, e.g., Churchill, 183 F.3d at 199 (first cause of action ended after a jury trial); Rivers, 143 F.3d at 1033 (first cause of action was determined by a final judgment on the merits). None of the cases cited by ODU show an instance where the second case was precluded by the first case being dismissed because there was no jurisdiction. One of our sister courts reached the exact conclusion, and this Court sees no reason to reach a different result. See Barr v. U.S. Marshall Service, No. 3:05-1208, 2006 U.S. Dist. LEXIS 63692, at *4 (D.S.C. August 24, 2006) ("All the cases ... address instances where the preclusive case included a final judgment on the merits, one of the prerequisites for the application of res judicata). Thus, the Court finds no substantial ground for difference of opinion.

---

states she asked for an immediate right to sue letter, which was denied by the EEOC, and asked again for her right to sue letter on March 22, 2013. Id.

[4] Churchill is the case that most supports ODU, because the holding there indicates that a plaintiff should request a stay while waiting on the right to sue letter. Churchill, 193 F.3d at 191. However, in Churchill the plaintiff failed to request the right to sue letter and never asked for a stay, while here, Hentosh did request the right to sue letter and did ask the Court to stay and consolidate. Id. at 191–92.

### C. Advancing the Ultimate Termination of the Litigation

Furthermore, an interlocutory appeal would not advance the ultimate termination of the litigation. As it stands now, Hentosh I is already on appeal before the Fourth Circuit, and certifying this case for appeal would likely delay an adjudication of that claim as well the case currently before the Court. The parties have already gone through discovery in Hentosh I, and additional discovery should not be too onerous given that the parties have already exchanged documents, interrogatories, and performed depositions. Certifying an interlocutory appeal would only delay this litigation even further.

### IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge
HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, VA
Date: April 16, 2014